968 So.2d 721 (2007)
STATE of Louisiana
v.
Reese SIMS.
No. 2007-KK-2216.
Supreme Court of Louisiana.
November 16, 2007.

*722 STAY LIFTED; WRIT GRANTED.
The trial court erred in removing defendant's counsel of choice. A defendant is guaranteed the right to counsel of choice so long as the defendant can obtain and afford the services of said counsel. See, U.S. Const. amend. VI; La Const. art. I, § 13; State v. Jones, 97-2593, p. 2 (La.3/4/98), 707 So.2d 975, 976. The right to private, non-appointed counsel of choice does not distinguish between a paid attorney and a pro bono lawyer. Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624-625, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989) ("[T]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds."); Jones, 97-2593 at 2, 707 So.2d at 977 (Where counsel was obtained at no cost to defendant, defendant could manage to retain counsel and the United States and Louisiana constitutions preclude counsel's removal). The order of the trial court removing defendant's counsel of choice, Bradley E. Black, is hereby reversed and counsel's representation of defendant is reinstated.
KNOLL, J., would deny and assigns reasons.
KNOLL, J., dissenting.
The issue is not about pro bono counsel of choice; rather the real issue is whether or not defendant is indigent and not entitled to indigent counsel as found by the trial court. I find the Relator's conduct reprehensible, in that it is in defiance of the trial court's ruling, with the cooperation of Mr. Singer, Chief of Trials for the OIDP. Relator's proper remedy would have been to take a writ contesting his indigency status rather than asking this court to bless his defiant conduct.